BLUMENTHAL & ERDMAN, Appellants, v. STAHLE & LENALD.

Breach of Contract: MEASURE OF DAMAGES. A purchaser of goods may recover as damages for the vendor's failure to furnish the goods according to contract, for loss of the time during which the former's salesmen were idle before a supply of goods could be obtained from other dealers, where the vendor was told at what time the purchaser desired to put his salesman on the road, although he was not informed that the salesman would be idle, if the goods were not furnished at the time agreed upon.

ESTOPPEL. A purchaser of goods is not estopped to claim damages for failure to furnish the goods as agreed, by simply giving a subsequent order for other goods of like character.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTHE, Judge.

THURSDAY, OCTOBER 8, 1896.

ACTION at law to recover a balance alleged to be. due for goods and merchandise sold by the. plaintiffs to the defendants. The defendants answered the petition, and by way of counter-claim demanded judgment against the plaintiffs for failure to perform a contract previously made for the sale of certain laces. There was a trial by jury, and a verdict and judgment for the defendants. Plaintiffs appeal.—*Affirmed.*

*Hedge & Blythe* for appellants.

*C. L. Poor* and *Arthur M. Lewald* for appellees.

ROTHROCK, C. J.—The plaintiffs are importers of laces and other fancy goods, and their place of business is in the city of New York. The defendants are jobbers in millinery goods, having their place of business in the city of Burlington, in this state. The plaintiffs carried on their business by sending their traveling salesmen out in search of orders for goods from jobbers. One of these salesmen appeared at the defendants' store, in Burlington, in September, 1892, and solicited an order for goods. After some negotiations, the defendants gave the salesman an order for about eight hundred dollars' worth of laces, which the plaintiffs undertook to import from some other country, and deliver to the defendants from the first to the fifteenth day of January, 1893. The goods were not imported and delivered by that time. The order was mislaid by the plaintiffs or their salesmen, and when the time for delivery had about expired, the defendants wrote letters of inquiry, and the letters were answered, and there was then no time to import the goods so as to fill the order within the time agreed upon. The defendants then purchased laces from other dealers, and later on, they made a purchase of the plaintiffs, of about five hundred dollars' worth of

laces, as we understand it, upon a new order. When this order was filled, the defendants remitted three hundred dollars and refused to pay the balance, and made a claim for damages for th failure of the plaintiffs to perform the contract made for the laces to be imported. The defendants carried on their business by sending out traveling salesmen to take orders for goods, and they told the salesman of the plaintiffs that they wanted to send out traveling men about the fifteenth day of January, and there is evidence in the case, that the time named was about the proper time to put traveling men on the road to take orders for the next spring trade. One item of damages claimed by the defendants, was that, by reason of the failure of plaintiffs to perform their contract, the defendants' salesmen were idle for about two weeks before a supply of goods could be obtained by defendants from other dealers. It is said that this demand for damages is too remote; that to permit a recovery for the delay was a violation of the well-known rule of law that damages for the breach of a contract are limited to such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract. This is a brief statement of the doctrine. But it is, in substance, the rule, as has been many times announced in adjudged cases. It is not denied that Haynes, the traveling salesman of the plaintiffs, was advised of the time when the defendants desired to put their salesmen on the road. Surely it was not necessary, to recover damages, that defendants should show that they told Haynes that, if they sent their salesmen out later, or had to wait for that time for the laces, their salesmen would be idle, and that other jobbers would be in advance of them in securing the spring trade. In determining the question of damages in such a case, the seller ought to be held to have in contemplation

the ordinary and usual methods of the business of the purchasers, or of the trade with which he transacts business.

II. It is said there was no evidence of actual injury as a result of the delay of the plaintiffs. We do not think this point is well taken. We will not set out the evidence of the witnesses. We are satisfied it was sufficient to authorize the court to submit that question to the jury.

III. It is contended that by the subsequent order made by the defendants, they waived any claim for damages for failure to fill the order for goods to be imported, and that the second order estops them from claiming damages for failure to perform the first contract. It is true that when these goods were contracted for and delivered nothing was said or written about damages for failure to comply with the importing order. The defendants were silent on that subject. But they made no release of any claim they had for damages. They may have had the purpose to become the debtors of the plaintiffs to the end that they could compel an adjustment of their differences in this state, rather than in the state of New York. But that appears from inference only. We think there was no evidence which required the court to submit the question of estoppel or accord and satisfaction to the jury.

IV. A question is made upon the ruling of the court on the admission of certain evidence. We do not discover any error in this regard, and, having considered the material questions in the case, our conclusion is that the judgment of the district court should be AFFIRMED.